Memorandum. Judgment reversed, without costs, and the determination annulled.
The Insurance Law, in prohibiting a director of an insurer from receiving any compensation for negotiating or aiding in any "purchase or sale of property” made by the insurer, does not embrace the making of a lease by the insurer as lessor as the several applicable words are used, either in common parlance or in common legal usage.
The issue in the case is not whether a lease is property. Of course it is. The issue is whether, in common parlance or legal usage, the terms "purchase or sale” of property refer to the making of a lease either as to the lessor or the lessee. Subdivision 4 of section 78 of the Insurance Law in pertinent part provides "[n]o director or officer of an insurer doing business in this state shall receive * * * any money or valuable thing * * * for negotiating, procuring, recommending or aiding in any purchase or sale of property * * * made by such insurer”. For whatever significance it has, and it has considerable, the department for many years had construed the statute to exclude the making of leases. The contrary determination by the Superintendent of Insurance was a latter day event, and then some time after the leasing had occurred in this case.
It is fruitless to resort to contradictory canons of construction which call for a liberal or restrictive interpretation of language. Such resort, rather than progressing an analysis, only concludes one (see Llewellyn, Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes are to be Construed, 3 Vand L Rev 395, 399-406). There is no doubt that the purpose of the statute would have been better served if it expressly included leases. There is also no doubt that the statute in its present form does not give adequate notice that the proposed activity is forbidden to *984 those who would look meticulously to avoid the prohibitions of the statute. If neither layman nor lawyer could know whether leases came within the statute’s scope, as distinguished from speculating that the intended statutory prohibition was inadequately expressed, a violation of the statute has not been made out (see State of New York v Mobil Oil Corp., 38 NY2d 460, 466; People v Phyfe, 136 NY 554, 559).
On this view, it is not necessary or proper to reach the substantial question whether a separate fine could be imposed for each payment made to the director of petitioner.